[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is taken pursuant to General Statutes8-132.
This is an appeal by the plaintiff applying for a reassessment of damages for the taking by the defendant of the plaintiff's property; the plaintiff claiming that the damages assessed are inadequate.
The defendant Development Agency has taken by condemnation certain land and buildings. It has assessed damages in the sum of $95,000, which already has been paid. The date of taking is October 27, 1989.
The plaintiff was the owner of land and buildings known as No. 59 Beaver Street in the City of New Britain. The site is suitable for the support of multi-family dwelling units and is in an area being redeveloped by the defendant. The lot is fifty feet by one hundred-fifteen feet, more or less. It is currently in a B-4 zone (business), but a special exception would allow residential uses. The building accommodated five apartments, but was not inhabited because it had in 1988 been declared Unfit for Human Habitation by the City Health Department. The building and the garage were in poor condition. The plaintiff claimed to have spent $40,000-$50,000 for repairs, but he has failed in his burden of proof in this regard.
The plaintiff's appraiser has found the fair market value before the taking to be $155,000. The defendant's appraisers, on the other hand, estimated the market value on the date of the taking to be $103,000 and $95,000 respectively.
Based upon my viewing of the site, and considering all the evidence, and my own knowledge of the elements constituting value, it is concluded that the damages sustained by the plaintiff as a result of the taking are $103,000.
Judgment may enter for the plaintiff for the further sum of $8,000 in addition to the $95,000 already paid, together with interest on said further sum of $8,000 at a reasonable rate of interest from the date of taking to the date of payment, together with costs and an allowance of $1,500 as an appraiser's fee.
JOHN M. ALEXANDER STATE TRIAL REFEREE